KAREN R. BAKER, Justice, dissenting. Because the majority’s decision stands in conflict with our case law on the Hol-landsworth presumption, I must dissent. The majority clarifies that the Hollands-worth presumption applies only in cases where a parent has been granted sole or primary custody of a child, and does not apply when parents share joint custody of a child. Hollandsworth v. Knyzewski, 353 Ark. 470, 109 S.W.3d 653 (2003). However, in Blivin v. Weber, 354 Ark. 483, 126 S.W.3d 351 (2003), this court reversed and remanded for the circuit court to reconsider the case in light of the standard and factors set out in Hollandsworth, which had been decided after the circuit court made its ruling. We stated, “The divorce decree provided that the parties would share joint legal custody of the children, but that Jamai would have primary physical custody.” Here, as well, the 114settlement agreement incorporated in the divorce decree states that both parties would have joint legal custody of C.S., with Amy being the primary physical custodian. The majority states that Lewellyn v. Lewellyn, 351 Ark. 346, 93 S.W.3d 681 (2002), announces the proper analysis for a court facing a change-in-custody request due to relocation of one parent when the parents have joint custody. However, Lewellyn was decided before both Hol-landsworth and Blivin. I do not see how Lewellyn can control this issue when later cases, which are directly on point, stand in opposition to it. Further, the majority sets out a distinction where none exists. The majority distinguishes Hollandsworth and Lewellyn by stating that Lewellyn controls in joint-custody situations and Hollandsworth controls when one parent has primary custody. However, in Lewellyn, even though the parents had joint legal custody, the divorce decree designated one parent as the “custodial parent” and the other as the “non-custodial parent.” In Hollands-worth, the divorce decree designated one parent as the “custodial parent” and the other as the “noncustodial parent,” and, as the majority states, the parties negotiated a more liberal visitation schedule that allowed both parents to have the child three- and-a-half days per week. Therefore, the only difference that the majority sets out between Hollandsworth and Lewellyn is whether there is a specific statement in the divorce decree that the parents share joint “legal” custody. In so deciding, the majority places the right of a custodial parent to relocate in the balance based on boilerplate language added to divorce decrees. The majority then goes on to state that if there is a specific statement of joint “legal” custody in the divorce decree and one parent is designated the primary custodial parent, this creates an ambiguity inj^the decree, and the circuit court must look to the conduct and intent of the parties to see whether the arrangement is “a true joint-custody arrangement.” Yet the majority gives no guidance to law practitioners on when custody is “a true joint-custody arrangement” and when it is not. In Hollandsworth, the arrangement was not a true joint-custody arrangement, even though both parents shared equal time with the child. In Lew-ellyn, there was a true joint-custody arrangement, even though there was a custodial parent and a noncustodial parent. In Blivin, the Hollandsworth presumption applied, even though both parties enjoyed joint custody. Here, the majority decides that custody was a true joint-custody arrangement, even though there was a primary custodial parent, and holds that the Hollandsworth presumption does not apply. In clarifying the law, the majority has left settled law far more opaque. Following our precedent set out in Bli-vin, I would reverse and remand to the circuit court for reconsideration based on the standard and factors set out in our Hollandsworth decision. HART, J., joins in this dissent.